# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL S. CARABALLO,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITYC OMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY CASUALTY CLAIM SERVICE ORGANIZATION,<br><br>Defendants. | Case No. 1: 15-cv-1832-KJM-BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE** |

## INTRODUCTION

On December 2, 2015, Defendants removed this case from the Tulare County Superior Court. (Doc. 1). On that same day, this Court issued an Order Setting a Mandatory Scheduling Conference/Status Conference. The order advised all parties that the Court would hold a conference on February 25, 2016, at 8:30 a.m., in Courtroom 8, requiring the appearance of all parties. (Doc. 2). On December 9, 2015, the Court advanced that status conference to December 21, 2015 at 10:00 AM in light of this case being selected for assignment to a Sacramento District Judge.

The status conference was held on December 21, 2015, at the designated time, however, Plaintiff failed to appear for the hearing. (Doc. 9). Additionally, defense counsel advised the Court that multiple attempts to contact Plaintiff up to the status conference had been unsuccessful. Further, Plaintiff's counsel is not admitted into the Eastern District of California and has not taken steps to rectify his non admission.

On December 21, 2015, this Court issued an Order to Show Cause why sanctions should not issue for Plaintiff's failure to appear at the status conference. The Court ordered Plaintiff to submit a responsive declaration by December 31, 2015, and warned that failure to respond to the Order to Show Cause would result in the imposition of sanctions. (Doc. 9). The Court also noted that Plaintiff is not admitted to practice in this district. As of the date of this Order, the Court has not received a responsive declaration from Plaintiff. Based on this procedural history, the Court finds it appropriate to dismiss this case.

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260 61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

As to the last factor, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. Plaintiff has failed to respond to two court orders. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to appear at the hearing. As Plaintiff failed to respond, another order requiring Plaintiff to respond is likely to be futile. *See, e.g., Gleason v. World Sav. Bank,*

*FSB*, 2013 U.S. Dist. LEXIS 105078, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of sanctions; thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132 33; *Henderson*, 779 F.2d at 1424. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order and for his failure to prosecute this action.

These Findings and Recommendation are submitted to the United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B). Within **fourteen (14)** days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

Finally, the Clerk of the Court is directed to serve these Findings and Recommendations on Plaintiff at the address noted on the docket.

IT IS SO ORDERED.

Dated: **January 8, 2016**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE